UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT LEE HARRIS,                          )
                                            )
                 Plaintiff,                 )
                                            )          No. 3:23-CV-315-TAV-JEM
v.                                          )
                                            )
JUDGE ZACHERY R. WALDEN,                    )
DETECTIVE ROCKY WHITE, and                  )
RICHARD BELL, JR.,                          )
                                            )
                 Defendants.                )

## REPORT & RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the referral order

by United States District Judge Thomas A. Varlan [Doc. 16].

On August 14, 2023, Plaintiff filed his Complaint [Doc. 1] and a motion to proceed in

forma pauperis [Doc. 5]. Judge Varlan granted Plaintiff's motion to proceed in forma pauperis, but

he directed him to file an amended complaint because Plaintiff noted that he is "currently facing

criminal charges[,]" and he did "not advise the Court the charges he is facing, the factual basis for

any claim giving rise to § 1983 liability, the individual(s) responsible, or what relief he desires

from the Court" [Doc. 8 p. 3]. On September 14, 2023, Plaintiff filed his Amended Complaint

[Doc. 9], along with various motions and other filings [Docs. 10–15]. On September 20, 2023,

Judge Varlan referred Plaintiff's Amended Complaint to the undersigned for screening pursuant

to 28 U.S.C. § 1915 [Doc. 16]. Since Judge Varlan's order, Plaintiff has filed additional statements

of his claims and notices that the undersigned has reviewed [Docs. 17–27].

On February 28, 2024, the Court entered an Order, noting that "Plaintiff seems to allege

state-law claims against Defendant Bell" [Doc. 28 p. 2 (citations omitted)]. Because the Court

questioned whether it could exercise jurisdiction over these state-law claims, the Court ordered "Plaintiff to file a response . . . with facts sufficient to show whether the Court may exercise diversity jurisdiction over any state-law claims asserted against Defendant Bell" [*Id.*]. Plaintiff filed a response on March 12, 2024, stating, among other allegations, that he is a citizen of Tennessee and that Defendants are also Tennessee citizens [Doc. 29 p. 1].

For the reasons explained below, the Court **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's Amended Complaint [**Doc. 9**].

## I.  RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## A.   Summary of the Allegations

Plaintiff filed an Amended Complaint for Violation of Civil Rights, 42 U.S.C. § 1983, against a state criminal court judge, Zachery R. Walden ("Judge Walden"), Rocky White ("White"), a narcotics detective with the Claiborne County Sheriff's Department, and Richard Bell, Jr. ("Bell"), who is an employee of Wilmington Bank [Doc. 9 p. 3]. According to the Amended Complaint, Plaintiff met Defendant Bell in April 2022, when he trespassed on Plaintiff's property [Doc. 10 p. 4]. From the filings, it appears that Plaintiff and Defendant Bell were negotiating the sale of Plaintiff's property to Wilmington Bank [*Id*. at 4–5, 7]. Plaintiff alleges that Defendant Bell began stalking and threatening Plaintiff about selling his property and that he later defamed Plaintiff to a neighbor [*Id*. at 7; Doc. 11 pp. 7, 9, 15].

On January 25, 2023, Defendant White arrested Plaintiff for carjacking, aggravated assault, especially aggravated assault, and aggravated robbery [Doc. 9 p. 5; *see also* Doc. 9-1 pp. 1–16]. According to Defendant White's affidavit, Plaintiff pointed a firearm at Defendant Bell and then fired the gun in close proximity to Defendant Bell [Doc. 9-1 p. 5]. Plaintiff placed zip-ties on Defendant Bell's hands and tied him to a gate post, and Plaintiff took pictures [*Id*.]. Plaintiff then released Defendant Bell and led him at gun point to a utility pole where Plaintiff placed zip-ties on him again [*Id*.]. Plaintiff cut the zip-ties from Defendant Bell's left wrist and demanded that Defendant Bell remove his clothes or be killed [*Id*.]. Defendant Bell removed his clothing, and Plaintiff took photographs [*Id*.]. Plaintiff left, and Defendant Bell broke free and called 911 at a nearby residence [*Id*.]. Plaintiff claims that these charges are false and that Defendant Bell framed him [Doc. 17 p. 1].[1]

---

[1]     Included in Plaintiff's filings are several motions and orders from his state criminal court proceedings [*See, e.g.*, Doc. 9-2 pp. 1–2; Doc. 10 pp. 1–14; Doc. 13 pp.1–15; Doc. 17 pp. 6–11; Doc. 19 pp. 1–7; Doc. 22 pp. 1–6; Doc. 23 pp. 1–9; Doc. 24 pp. 1–6].

Plaintiff seeks dismissal of his criminal charges, acquittal and his record expunged, a judgment against Defendant Bell in the amount of $885,000, and a judgment against Claiborne County Sheriff's Department and Jail for $2.7 million [Doc. 9 p. 5].

**B.     Screening**

Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

**1.     Misjoinder**

As an initial matter, Plaintiff includes allegations in his Amended Complaint relating to the conditions of the jail, his lack of medical treatment, and mistreatment by officers [*See, e.g.,* Doc. 12 pp. 6–9; Doc. 22 p. 6 Doc. 24 p. 3]. But the Court finds these claims are misjoined under Rule 20 of the Federal Rules of Civil Procedure, which provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence, or series of transactions or series of transactions or occurrences; and
>
> (B)   any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Under this rule, a plaintiff may not 'combine into one lawsuit unrelated claims against different defendants.'" *Cage v. Michigan*, No. 16-cv-11679, 2018 WL 3729062, at *1 (E.D. Mich. Aug. 6, 2018) (quoting *Robinson v. Rodarte*, No. 16-13691, 2017 WL 1017929,

at *2 (E.D. Mich. Feb. 6, 2017), *report and recommendation adopted*, 2017 WL 994350 (E.D. Mich. Mar. 15, 2017)).

In the context of claims brought by incarcerated individuals, "[u]nrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 506 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Under these circumstances, "the proper remedy for such misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice." *Cage*, 2018 WL 3729062, at *2 (citing Fed. R. Civ. P. 21); *see also Prince v. Hatatu Elum*, No. 12-cv-15526, 2013 U.S. Dist. LEXIS 104405, at *13 (E.D. Mich. Jan. 14, 2013) (severing and dismissing claims without prejudice under Rule 21 sua sponte in prisoner civil rights case for misjoinder). Given that Plaintiff's claims relating to the conditions of the jail, lack of medical treatment, and other mistreatment by jail officers are not related to his remaining allegations, the Court recommends that the District Judge dismiss these claims without prejudice.

## 2.     Abstention Doctrine

Plaintiff's allegations against Judge Walden and Defendant White relate to his state criminal court charges, which he states are false. It appears, however, that his claims are barred by *Younger v. Harris*, 401 U.S. 37 (1971). For the Court to invoke the *Younger* abstention doctrine, three requirements must be met: "1) there must be on-going state judicial proceedings; 2) those proceedings must implicate important state interests; and 3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990)). "So long as the constitutional claims of respondents can be determined in the state proceedings and so

long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Id*. (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982))*; see also Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 30 (6th Cir. 1984) ("In the typical *Younger* case, the federal plaintiff is a defendant in ongoing or threatened state court proceedings seeking to enjoin continuation of those state proceedings.").

In his Amended Complaint, Plaintiff states that his criminal case before Judge Walden is "still pending[,]" and he requests that the Court dismiss his charges and acquit him [Doc. 9 pp. 2, 5]. And Plaintiff has filed the same motions and orders that have been filed in his state court criminal case. Thus, the first element is met. *See Fed. Exp. Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991) (explaining that "if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied" (citation omitted)). The Court further finds that Plaintiff's criminal cases implicate important state interests, and there is nothing before the Court to suggest that Plaintiff will not have an adequate opportunity in state court to raise any constitutional challenges. *See Hardin v. Jordan*, No. 3:23-cv-375-TRM-JEM [Doc. 12] (E.D. Tenn. Nov. 20, 2023) (raising the issue of abstention sua sponte and dismissing the plaintiffs' claims without prejudice given that "Tennessee has an interest in the criminal prosecution of Plaintiff and there is no evidence that Plaintiff will not have an adequate opportunity in state court to raise constitutional challenges to his arrest").

### 3.     Claims Against Judge Walden

To the extent Plaintiff's claims are not barred by the abstention doctrine, the Court recommends his claims against Judge Walden be dismissed. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions."

6

*Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citation omitted). The Sixth Circuit Court of Appeals has explained that "judicial immunity applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice as has been alleged in this case." *Id*. This immunity, however, does not apply in two scenarios: "(1) when a judge performs 'nonjudicial actions, i.e., actions not taken in the judge's judicial capacity,' and (2) when a judge's actions, 'though judicial in nature,' are 'taken in the complete absence of all jurisdiction.'" *Cooper v. Rapp*, 702 F. App'x 328, 332 (6th Cir. 2017) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam)).

Here, Plaintiff's allegations against Judge Walden stem from his decisions in Plaintiff's state-court proceedings. Based on the allegations in the Amended Complaint, the Court finds that these actions were judicial actions. *See Mann v. Conlin*, 22 F.3d 100, 102–04 (6th Cir. 1994) (holding that a judge's actions in scheduling hearings, imposing attorney fees, and imprisoning a party for failing to obey a custody order were paradigmatic judicial acts, even though they "may have occasionally been in error or seemed unduly harsh").

Further, Plaintiff does not sufficiently allege that any of Judge Walden's actions were "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12 (citation omitted); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (recognizing that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge," and that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").[2]

---

[2]    Although not a named Defendant, Plaintiff alleges that on February 7, 2023, Judge Estep violated his Sixth Amendment to the United States Constitution when he appointed Jordan Long as Plaintiff's defense counsel [Doc. 12 p. 3]. But this claim is also barred for the reasons above. *See* section II B(2)–(3).

### 4.    Claims Against Claiborne County

Plaintiff seeks relief against Claiborne County [Doc. 9 p. 5].[3] But he has failed to state a claim against it. Plaintiff has not included allegations against the county and it "is not liable for an injury inflicted solely by an employee or agent on a theory of *respondeat superior*." *Starnes v. Bedford Cnty./Jail/Sheriff Dep't*, No. 4:16-CV-22-CLC-CHS, 2016 WL 1239262, at *3 (E.D. Tenn. Mar. 29, 2016) (citation omitted); *see also Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) ("As we have already explained here and over the years, a defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis.").

### 5.    Defendant Bell

Throughout his filings, Plaintiff claims that Defendant Bell defamed him, trespassed on his property, and stole his personal property in the amount of $885,000. To the extent Plaintiff is alleging a § 1983 claim against Defendant Bell based upon these allegations, the undersigned recommends that Plaintiff's claim be dismissed. Defendant Bell is not a state actor. Generally, a private actor cannot be liable under § 1983. *Bardwell v. Clarion Pointe Hotel*, No. 5:23-CV-91-CRS, 2023 WL 8439772, at *2 (W.D. Ky. Dec. 5, 2023) ("As such, [the plaintiff's] Complaint fails to assert a First Amendment retaliation claim as it complains of private conduct by private actors. These allegations cannot, as a matter of law, state a cognizable § 1983 claim.").

Aside from a § 1983 claim, which fails to state a claim, there are no other federal claims asserted against Defendant Bell upon which this Court could exercise jurisdiction. *See* 28 U.S.C. § 1331 (explaining that federal courts have jurisdiction "of all civil actions arising under

---

[3]    Although Plaintiff seeks judgment against Claiborne County Sheriff's Department and Jail [*See* Doc. 9 p. 5], the Court has construed this claim against the county in light of his pro se status. *Starnes v. Bedford Cnty./Jail/Sheriff Dep't*, No. 4:16-CV-22-CLC-CHS, 2016 WL 1239262, at *2 (E.D. Tenn. Mar. 29, 2016) ("[T]he Sixth Circuit and courts in this district have previously held that a county sheriff's department is not an entity subject to suit under § 1983." (collecting cases)).

8

the Constitution, laws, or treaties of the United States"). To the extent he asserts state-law claims against Defendant Bell, see *Ormsby v. Duran*, No. 1:23-CV-12601, 2023 WL 9229134, at *3 (E.D. Mich. Oct. 31, 2023) ("Any possible causes of action the Court might glean from [the plaintiff's] complaint—conversion, trespass to land, battery, or defamation—all sound in state tort law. Further, [the plaintiff] is seeking compensation for stolen property—in other words, he may have a state tort claim against defendants." (citation omitted), *report and recommendation adopted by* No. 1:23-CV-12601, 2023 WL 9229127 (E.D. Mich. Dec. 5, 2023)), the Court lacks diversity jurisdiction. Federal courts have jurisdiction over state-law claims when there is diversity of citizenship, meaning the parties are "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship exists where (1) the plaintiff is a citizen of one state and all of the defendants are citizens of other states, and (2) the amount in controversy is more than $75,000. *See Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). Because Plaintiff alleges that he and Defendants are from Tennessee [*see* Doc. 29 p. 1], the undersigned recommends that the claims against him be dismissed.

Further, the undersigned recommends that the District Judge decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismiss them without prejudice. Under 28 U.S.C. § 1367(a), "[i]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (quoting *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998))). But a court "may decline to exercise supplemental jurisdiction over a claim" if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). And in the Sixth Circuit, courts generally dismiss state-law claims if the federal claims are dismissed before trial. *Brooks v. Rothe*, 577 F.3d 701, 709

9

(6th Cir. 2009) (explaining that "[i]f federal claims are dismissed before trial, the state claims generally should be dismissed as well" (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th Cir. 2003))).

### C.     Amendment

The Court has considered whether to allow Plaintiff to amend his Amended Complaint. But Plaintiff has filed a Complaint [Doc. 1], a motion for summary judgment [Doc. 6], an Amended Complaint [Doc. 9], and numerous other filings [Docs. 10–25, 17–27]. The Court also ordered Plaintiff to file a response with sufficient facts showing diversity [Doc. 28]. In response, Plaintiff alleged that the parties are from Tennessee [Doc. 29 p. 1]. The undersigned has taken into consideration all Plaintiff's filings. Even if leave to amend were granted, Plaintiff would be unable to cure the defects described above, and it seems that any further amendment for additional factual support for his § 1983 claims would be futile. And with respect to the claims against Defendant Bell, this Court lacks jurisdiction [*See id*.].

10

## III. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS**[4] that Amended

Complaint [**Doc. 9**] be **DISMISSED** for the reasons stated above.

Respectfully submitted,

*Jill E. McCook*

Jill E. McCook
United States Magistrate Judge

---

[4]    Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

11